IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STEVEN REED JOHNSON PLAINTIFF

v. Case No. 4:25-cv-04103

JANA TALLANT; BRIAN MCJUNKINS;
and JOEY DAVIS DEFENDANTS

**ORDER**

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Spencer G. Singleton, United States Magistrate Judge for the Western District of Arkansas. ECF No. 14. Upon preservice screening of Plaintiff's Amended Complaint (ECF No. 12) pursuant to 28 U.S.C. § 1915A(a), Judge Singleton has recommended that Plaintiff's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted. Judge Singleton explained that Plaintiff's first claim alleging HIPPA violations fails as a matter of law. ECF No. 14, at 4; See Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010) ("HIPAA does not create a private right of action."); Adams v. Eureka Fire Protection Dist., 352 F. App'x 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action."). Plaintiff's second claim alleges conditions-of-confinement violations. Judge Singleton further reasoned that this claim fails because the facts within Plaintiff's Amended Complaint (ECF No. 12) do not satisfy conduct giving rise to the level of constitutional violation. ECF No. 14, at 5–7.

Plaintiff has not responded to the R&R, and the time to do so has passed. See 28 U.S.C. § 636(b)(1). Upon review, finding no clear error on the face of the record and that Judge Singleton's reasoning is sound, the Court adopts the R&R (ECF No. 14) in its entirety.

Additionally, before the Court is Plaintiff's Motion to Add Facts to the Case. ECF No. 16. Plaintiff moves for the Court to include allegations supporting Plaintiff's claims occurring on March 14 and 17, 2026. Federal Rule of Civil Procedure 15(d) provides that the Court may permit a party to serve supplemental pleadings setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d). Here, the additional facts regarding the two events occurred after Plaintiff filed his Amended Complaint (ECF No. 12).

However, even if the Court considered the supplemental facts, it would not remedy the deficiencies in the Amended Complaint (ECF No. 12) or effect the analysis of the R&R (ECF No. 14). Accordingly, Plaintiff's Motion to Add Facts to the Case (ECF No. 16) is hereby **DENIED** and Plaintiff's Amended Complaint (ECF No. 12) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 21st day of September, 2026.

/s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge